# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

TROY VICTORINO,

          Petitioner,

v.                                          Case No:  6:14-cv-188-Orl-37DAB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE OF
FLORIDA,

          Respondents.
_____/

## ORDER

This cause is before the Court on Respondents' Motion for Reconsideration (Doc. 50) (the "Motion").  The Motion involves the Court's Order of June 26, 2015 (Doc. 47), which stayed this case pending the final disposition of the proceedings in *Hurst v. Florida*, 135 S. Ct. 1531 (2015).  Petitioner did not file a response to the Motion.

Petitioner has not indicated which Federal Rule of Civil Procedure he relies on to assert the Motion.  However, Federal Rule of Civil Procedure 60(b) permits reconsideration of a district court order or judgment based on limited number of circumstances.[1]

Respondents have not demonstrated a sufficient basis for reconsideration of the Court's Order of June 26, 2015.  A district court may exercise its discretion to stay a

---

[1]The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief.

case pending resolution of a related case in another court. *See Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). Petitioner has raised a claim in his Petition for Writ of Habeas Corpus (Doc. 1) under *Ring v. Arizona*, 536 U.S. 584 (2002), arguing that the "non-unanimous jury death-sentence recommendations [were] an insufficient and illegal basis for imposing the death penalty." (Doc. 1 at 38). The Supreme Court of the United States granted a petition for writ of certiorari in *Hurst v. Florida*, 135 S. Ct. 1531 (2015) limited to the following question: "Whether Florida's death sentencing scheme violates the Sixth Amendment or the Eighth Amendment in light of this Court's decision in *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L.Ed.2d 556 (2002)." Given the significance of the proceedings in *Hurst*, the Court finds that this case should be stayed pending final disposition of those proceedings.

Accordingly, it is **ORDERED** as follows:

1. Respondents' Motion for Reconsideration (Doc. 50) is **DENIED**.

2. This case shall remain administratively closed until further Order of the Court pending final disposition of the proceedings in *Hurst*. The parties shall notify the Court within **THIRTY (30) DAYS** after the final decision is rendered in *Hurst*.

**DONE** and **ORDERED** in Orlando, Florida on August 20th, 2015.

ROY B. DALTON JR.
United States District Judge

Copies furnished to:

Counsel of Record
OrlP-2 8/20